UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

CIVIL ACTION NO. 03-30303-KPN

DAVID A. HUNT, )
    Plaintiff )
)
vs. )
)
AETNA LIFE INSURANCE COMPANY )
    Defendant )
)

## AMENDED COMPLAINT

The plaintiff, David A. Hunt, hereby files this Amended Complaint as a matter of right pursuant to FRCP 15(a) against defendant, Aetna Life Insurance Company ("Aetna"), and states as follows:

### I. THE PARTIES

1. The plaintiff, David J. Hunt, ("Mr. Hunt") is an individual who resides at 3 Second Street in Palmer, Hampden County, Massachusetts.

2. The defendant, Aetna, is a foreign corporation with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut.

### II. JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1332(a) and 29 U.S.C. § 1132(e) and (f).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### III. STATEMENT OF FACTS

5. The plaintiff, David J. Hunt, was an employee of Coca Cola, Inc. from 1970 until 1986. As an employee of Coca Cola, Mr. Hunt was offered long-term disability

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

CIVIL ACTION NO.

| | |
|---|---|
| DAVID A. HUNT,<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| AETNA LIFE INSURANCE COMPANY<br>Defendant | )<br>)<br>)<br>) |

## AMENDED COMPLAINT

The plaintiff, David A. Hunt, hereby files this Amended Complaint as a matter of right pursuant to FRCP 15(a) against defendant, Aetna Life Insurance Company ("Aetna"), and states as follows:

### I. THE PARTIES

1. The plaintiff, David J. Hunt, ("Mr. Hunt") is an individual who resides at 3 Second Street in Palmer, Hampden County, Massachusetts.

2. The defendant, Aetna, is a foreign corporation with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut.

### II. JURISDICTION AND VENUE

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1332(a) and 29 U.S.C. § 1132(e) and (f).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

### III. STATEMENT OF FACTS

5. The plaintiff, David J. Hunt, was an employee of Coca Cola, Inc. from 1970 until 1986. As an employee of Coca Cola, Mr. Hunt was offered long-term disability

benefits pursuant to a group Long-Term Disability Plan which was underwritten and insured by Aetna ( Plan No. LTD – 17091-973) ("the Plan"). The Plan is an "employee welfare benefit plan" governed by the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

6. Mr. Hunt is a participant in the Plan which is underwritten and insured by Aetna.

7. Aetna is the party responsible for processing claims made under the Plan and making final determinations as to Plan participants' eligibility for long-term disability ("LTD") benefits.

8. At all times relevant to the claims asserted in this Complaint, Aetna purported to act as an ERISA claims fiduciary with respect to participants of the Plan, generally, and specifically, with respect to Mr. Hunt, within the meaning of ERISA.

9. Under the terms of the Plan, Aetna has no discretionary authority to determine a participant's eligibility for LTD benefits or to interpret the terms and provisions of the Plan.

10. Aetna both funds and administers the Plan under which Mr. Hunt is suing.

11. The Plan does not contain any provisions giving independent and final discretion to Aetna to determine eligibility for benefits or to interpret the terms of the Plan.

12. The Plan, as amended, provides for the payment of LTD benefits when an insured person becomes either partially or totally disabled. Disability is defined under the terms of the Plan in the following manner:

> "Total disability" and "Totally Disabled" mean that during the first twenty-four months of any one period of disability an employee is unable, solely because of disease, accidental bodily injury to work at his own occupation; and thereafter during the continuance of such period of disability, that the employee is unable, solely because of disease, accidental bodily injury to work at any reasonable occupation.

13. Under the Plan, benefits are payable until the insured is no longer disabled, or until the age of 64 and 6 months.

14. On or about May 13, 1989, Mr. Hunt submitted a written claim to Aetna for long-term disability benefits under the Plan. Mr. Hunt stated in his application for benefits that as of November 12, 1988 he was unable to work at his job as a Division Sales Manager because of a back condition stemming from a work injury sustained on August 11, 1986.

15. Mr. Hunt began receiving long-term disability benefits under the Plan in 1989 and continued to receive such benefits until approximately October 2002.

16. On August 2, 2002, , Mr. Hunt received a letter from Carrie Jo Peters, Disability Management Specialist at Aetna, stating that he was no longer for long-term disability benefits under the Plan because he no longer satisfied the policy definition of disability. Mr. Hunt was informed in the letter that if he wished to appeal the decision he must submit his written appeal, including any new information within 60 days of receipt of the letter.

17. On September 17, 2002, a letter was sent to Aetna on Mr. Hunt's behalf by his then attorney, Kimberly Davis Crear, appealing its decision denying benefits and requesting a copy of a surveillance videotape of Mr. Hunt upon which Aetna based its decision.

18. On October 23, 2002, Aetna responded in writing, providing a copy of the physician consultant's report by Claudia Sterling, M.D. and a copy of the surveillance videotape and asking Mr. Hunt to submit additional information in support of his appeal.

19. On December 26, 2002, Attorney Crear wrote to Aetna enclosing a narrative report by Augusto Asinas, M.D., Mr. Hunt's physician requesting that it be considered in conjunction with his appeal. In the report, Dr. Asinas stated that he had reviewed the videotape showing Hunt engaging in light exercise at a health club, that the exercise program was part of Mr. Hunt's rehabilitation, and that the videotape ". . . does not detract from the fact that [Mr. Hunt] has a medical condition in his lower back which has been chronic enough to make him disabled from returning to work."

20. On March 18, 2003, Attorney Crear received a letter from Kathy McFate, Appeal Coordinator for Aetna informing her that based on data provided by Dr. Asinas and Fran Lowe, LCSW, Mr. Hunt could function at a sedentary to light exertion level and confirming Aetna's decision to close Mr. Hunt's claim.

21. The Plan does not vest Aetna with discretionary authority to determine eligibility for benefits or to interpret the terms of the Plan. Aetna's decision denying benefits to Mr. Hunt under the Plan is therefore subject to *de novo* review by this Court.

22. Mr. Hunt was and is entitled to receive long-term disability benefits under the terms of the Plan.

23. Aetna failed to provide Mr. Hunt a full and fair review of his claim for long-term disability benefits due, in part, to its unjustified reliance on a surveillance videotape which merely shows Mr. Hunt engaging in some light exercise which was part of a medically supervised rehabilitation program, and also due to Aetna's failure to fully and fairly consider medical documentation, including Mr. Hunt's treating physician's report stating that he continues to be unable to return to work because of his chronic lower back condition.

342263

4

## IV. CAUSES OF ACTION

### COUNT I
### (Enforcement of Terms of Policy – Action for Unpaid Benefits

24. Mr. Hunt realleges each of the paragraphs above as if fully set forth herein.

25. Aetna's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B)(b).

### COUNT II
### (Breach of Fiduciary Duty)

26. Mr. Hunt realleges each of the paragraphs above as if fully set forth herein.

27. Aetna, as a fiduciary of Mr. Hunt's Plan breached its fiduciary obligation in violation of ERISA, 29 U.S.C. § 1132(a)(2) by failing to provide a full and fair review of his claim.

### COUNT III
### (Attorney's Fees and Costs)

28. Mr. Hunt realleges each of the paragraphs above as if fully set forth herein.

29. Mr. Hunt is entitled to recover reasonable attorney's fees and costs of the action herein pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. 1132(g)(1).

30. The defendant, Aetna, has the ability to satisfy the award.

31. Mr. Hunt's conduct of this action is in the interest of all participants in the Plan and the relief granted hereunder will benefit all such participants.

32. Aetna has acted in bad faith denying Mr. Hunt's benefits under the Plan.

33. An award of attorney's fees against Aetna will deter others acting under similar circumstances.

## COUNT IV
### (Failure to Provide Plan Materials)

34. Mr. Bell realleges each of the paragraphs above as if fully set forth herein.

35. On April 8, 2003, Mr. Hunt, through his attorney, requested in writing that Aetna furnish him, as Mr. Hunt's personal representative, "with a complete copy of Aetna's claim file regarding Mr. Hunt, including but not limited to any documents or other information upon which Aetna relied in deciding to terminate Mr. Hunt's benefits." Mr. Hunt's attorney did not receive any response from Aetna until July 14, 2003, when he received a copy of "pertinent plan documents" from Aetna. These documents referred to other documents relating to Mr. Hunt's activities which were not included among those furnished by Aetna. On July 14, 2003, Mr. Hunt's attorney wrote again to Aetna requesting that these additional materials be provided. When Aetna failed to provide them, Mr. Hunt's attorney wrote to Aetna again on September 16, 2003, requesting that these documents be furnished.

36. Aetna did not furnish any additional documents before this action was filed on December 12, 2003. Aetna received a copy of the original Complaint by certified mail on December 15, 2003.

37. On December 16, 2003, nearly eight and a half months after Mr. Hunt's original request, Aetna mailed Mr. Hunt's attorney "a copy of Mr. Hunt's entire claim file as well as a copy of a surveillance tape." The materials furnished included many documents relating to Aetna's decision to terminate benefits which had not been furnished previously including a four-page "Definition Recommendation" dated July 31, 2002, including a detailed medical and vocational analysis of Mr. Hunt's status and recommending that Mr. Hunt's long-term disability benefits be terminated and a

342263

6

"Medical Consultant Referral Form" dated February 9, 2001 which includes a "Claim Summary and Recommendation" that refers to an interview conducted by an Aetna representative with Mr. Hunt in which he acknowledged that he goes to the gym on a daily basis where he lifts weights, does walking, uses the Jacuzzi and sauna, but also indicated that he had been excruciating pain for the last couple of weeks, that sitting is the worst position for him, that he needs to be able to change positions alternating between sitting standing and walking, and that he has good days and bad days.

38.  Aetna, by failing to tender to Mr. Hunt the requested "pertinent Plan documents", violated ERISA's requirement that any Plan Administrator furnish on request and within 30 days "any information which such Administrator is required by [ERISA] to furnish to a participant or beneficiary . . ." 29 U.S.C. § 1132(c).

39.  The failure to provide these materials entitles Mr. Hunt to $100.00 a day for every day that exceeds the 30 day period (from May 8, 2003, forward).

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff, David A. Hunt, demands judgment against the defendant, Aetna Life Insurance Company, to include the following:

   a. A declaration that Mr. Hunt is entitled to receive long-term disability benefits in accordance with the terms of the Plan until he reaches age 64 and 6 months, pursuant to 29 U.S.C. § 1132(a);

   b. An award in the amount of all unpaid benefits under the Plan to which Mr. Hunt is entitled pursuant to 29 U.S.C. § 1132(a);

c. Reasonable attorney's fees and costs of action pursuant to 29 U.S.C. § 1132(g);

d. An award of $100.00 a day from May 8, 2003, to the date of the judgment against Aetna pursuant to 29 U.S.C. § 1132(c);

e. Whatever other relief the Court deems just and proper.

THE PLAINTIFF
DAVID A. HUNT

By /s/ Keith A. Minoff
Keith A. Minoff, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 551536

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 1/7/04

342263

8