UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID A. HUNT, | ) | CIVIL ACTION NO. 03-30303 KPN |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### I. THE PARTIES

1.      As to paragraph 1, defendant Aetna Life Insurance Company ("Aetna") has insufficient

knowledge or information upon which to form a belief and, therefore, leaves plaintiff to

his proof.

2.      Paragraph 2 is admitted.

### II. JURISDICTION AND VENUE

3.      Paragraph 3 is admitted.

4.      Paragraph 4 is admitted.

### III. STATEMENT OF FACTS

5.      As to Paragraph 5, Aetna admits that plaintiff was a participant in a group long-term

disability plan (the "Plan") of the Coca-Cola Bottling Company of New York, Inc.

("Coca-Cola"). Aetna was the claims administrator and insurer for the Plan in which

plaintiff was a participant.  Aetna admits that that the Plan is an employee welfare benefit

plan governed by the Employment Retirement Income Security Act of 1974, as amended,

29 U.S.C. §1001 *et seq.* ("ERISA"). The remaining allegations of Paragraph 5 are denied.

6.      As to Paragraph 6, Aetna admits that plaintiff was a participant in the Plan and that the Plan was funded by a group long term disability insurance policy (the policy) issued by Aetna to Coca-Cola. Except as expressly admitted, Paragraph 6 is denied.

7.      As to Paragraph 7, Aetna admits that it was the party responsible for processing claims made under the Plan and was responsible for making final determinations as to the eligibility of Plan participants such as Plaintiff for long term disability benefits under the Plan. Except as expressly admitted, Paragraph 7 is denied.

8.      As to the allegations of Paragraph 8, Aetna admits that it was responsible for claims made under the Plan and making determinations as to Plan participants' eligibility for long-term disability benefits. The remaining allegations of Paragraph 8 are denied.

9.      Paragraph 9 is neither admitted nor denied, because the Plan speaks for itself.

10.     As to Paragraph 10, Aetna admits that it administers and funds claims made under the policy which funded the Plan. The remaining allegations of Paragraph 10 are denied.

11.     Paragraph 11 is neither admitted nor denied, because the Plan speaks for itself.

12.     Paragraph 12 is neither admitted nor denied, because the Plan speaks for itself.

13.     Paragraph 13 is neither admitted nor denied, because the Plan speaks for itself.

14.     As to the allegations of Paragraph 14, Aetna admits that Mr. Hunt submitted a claim for benefits in May, 1989. The remaining allegations of Paragraph 14 are neither admitted nor denied, because the claim documents speak for themselves.

15.     Paragraph 15 is admitted.

16.    As to Paragraph 16, Aetna admits that Plaintiff was sent a letter dated August 2, 2002 informing him that his long-term disability benefits were being terminated because he no longer satisfied the policy definition of disability, and that he had 60 days to submit a written appeal, and further admits that that letter speaks for itself. The remaining allegations of Paragraph 16 are denied.

17.    As to Paragraph 17, Aetna admits that by letter dated on or about September 17, 2002, Attorney Kimberly Davis Crear appealed Aetna's decision terminating benefits. The remaining allegations of Paragraph 17 are denied.

18.    Paragraph 18 is admitted.

19.    As to Paragraph 19, Aetna admits that Attorney Crear sent Aetna a letter dated December 26, 2002 enclosing a narrative report by Dr. Asinas, which report speaks for itself. The remaining allegations of Paragraph 19 are denied.

20.    As to Paragraph 20, Aetna admits that Attorney Crear was sent a letter dated on or about March 18, 2003 upholding the previous termination of benefits, because Mr. Hunt could function at a sedentary to light exertion level, and further admits that that letter speaks for itself. The remaining allegations of Paragraph 20 are denied.

21.    Paragraph 21 states a legal conclusion to which no answer is required.

22.    Paragraph 22 is denied.

23.    Paragraph 23 is denied.

## IV. CAUSES OF ACTION

**COUNT I**

24.    Aetna's responses to Paragraphs 1 through 23 are hereby incorporated by reference and made its responses to Paragraphs 1 through 23 of Count I as if fully set forth herein.

25.     Paragraph 25 is denied.

**COUNT II**

26.     Aetna's responses to Paragraphs 1 through 25 are hereby incorporated by reference and made its responses to Paragraphs 1 through 25 of Count II as if fully set forth herein.

27.     Paragraph 27 is denied.

**COUNT III**

28.     Aetna's responses to Paragraphs 1 through 27 are hereby incorporated by reference and made its responses to Paragraphs 1 through 27 of Count III as if fully set forth herein.

29.     Paragraph 29 is denied.

30.     Paragraph 30 is admitted.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is denied.

**COUNT IV**

34.     Aetna's responses to Paragraphs 1 through 33 of Mr. Hunt's Complaint are hereby incorporated by reference and made its responses to Paragraphs 1 through 33 of Count IV as if fully set forth herein.

35.     As to the allegations of Paragraph 35, Aetna admits that correspondence was exchanged on or about April 8, 2003, July 14, 2003 and September 16, 2003. Aetna neither admits nor denies the remaining allegations of Paragraph 35, because the letters speak for themselves.

36.     Paragraph 36 is admitted.

37.    As to Paragraph 37, Aetna admits that it sent Mr. Hunt's attorney a copy of the entire claim file and the surveillance video on December 16, 2003.  As to the allegations of the content of said claims file and surveillance video, Aetna neither admits nor denies such allegations, as the materials speak for themselves.  The remaining allegations of Paragraph 37 are denied.

38.    Paragraph 38 is denied.

39.    Paragraph 39 is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If plaintiff is entitled to payment of any benefits, any such payment must be reduced or offset by any other income which plaintiff receives or is eligible to receive.

### Second Affirmative Defense

The allegations of Counts II and IV of the Amended Complaint fail to state a claim for which relief may be granted.

Respectfully submitted,
AETNA LIFE INSURANCE COMPANY

By its attorneys,

James H. Rotondo (BBO # 645651)
DAY, BERRY & HOWARD LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0100

Dated:  March 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of **March, 2004,** I served a true and correct copy of

the foregoing via first class mail, postage prepaid, upon Plaintiff's counsel, Keith A. Minoff,

Esq., Robinson Donovan, P.C., 1500 Main Street, Springfield, MA 01115.

James H. Rotondo